IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CASEY HOREJS a/k/a CASEY GREEN,  :  | No. |
| Plaintiff, : | |
| v. : | |
| THE PENNSYLVANIA STATE POLICE, : | |
| Defendant. : | JURY TRIAL DEMANDED |

## COMPLAINT

AND NOW, comes the Plaintiff, Casey Horejs a/k/a Casey Green, and submits the following Complaint against the Defendant, the Pennsylvania State Police, and in support thereof states as follows:

### The Parties

1. Plaintiff, Casey Green a/k/a Casey Horejs ("Mrs. Horejs"), is an adult individual residing at 433 Reserve Way, Temple, Pennsylvania 19560.

2. At the time that the conduct giving rise to the underlying lawsuit occurred, Plaintiff, Casey Horejs, was known by her maiden name, Casey Green.

3. The Defendant, the Pennsylvania State Police ("PSP"), is a Pennsylvania law enforcement organization with a principal address and place of business located at 175 Hershey Park Drive, Hershey, Pennsylvania 17033.

1

## Jurisdiction and Venue

4. Subject Matter Jurisdiction is proper pursuant to 28 U.S.C. § 1331 and the Americans with Disabilities Act (the "ADA"), 42 U.S.C. §§ 12101 *et. seq.*

5. Personal Jurisdiction is proper because PSP conducts business in this jurisdiction, has its headquarters or "nerve center" within this jurisdiction, and maintains sufficient contacts within this jurisdiction to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *International Shoe Co. v.* Washington, 326 U.S. 310 (1945), and its progeny.

6. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1) and (2) because personal jurisdiction is proper in this district and because a substantial part of the events giving rise to the claim occurred within this district.

## The Facts

7. Due to a congenital condition, Mrs. Horejs has suffered from a hearing impairment since birth.

8. The congenital condition prevents Mrs. Horejs from hearing normally, and as a result she has had to wear hearing aids since she was approximately 3.5 years old.

9. Without the use of her hearing aids, Mrs. Horejs experiences a significant hearing impairment, which substantially limits numerous major life

activities, which includes, but is not limited to, her ability to hear, communicate, learn, and follow instructions.

10. Her hearing impairment has also impacted her ability to speak, as it resulted in her going to speech therapy when she was a child.

11. Mrs. Horejs has fought every day of her life to overcome the stigma associated with her hearing impairment.

12. In 2016, Mrs. Horejs enrolled in the PSP Academy ("the Academy") in Hershey, Pennsylvania.

13. On August 17, 2016, she underwent a medical examination in connection with her enrollment in the Academy.

14. Part of the aforementioned examination involved a hearing test.

15. Mrs. Horejs was told that she needed to perform the test without her hearing aids.

16. She did so, but was not immediately informed of the results thereof.

17. In October of 2016, while still enrolled in the Academy, Mrs. Horejs tore the ACL in her right knee.

18. Since the knee injury would have prevented her from participating in and completing the physical drills at the Academy, Mrs. Horejs was asked to resign her position so that her seat could be given to another candidate.

19. Mrs. Horejs was told that if she resigned, she would be reinstated into the Academy once her knee injury was rehabilitated.

20. Mrs. Horejs honored the Academy's request and resigned.

21. Mrs. Horejs submitted her request to be reinstated into the Academy by the appointed May 1, 2017 deadline.

22. On or about July 27, 2017, she received an email indicating that she had two weeks to submit to another hearing test from her own doctor, Dr. David Ambrose.

23. She submitted the results of the requested test (which was conducted with and without hearing aids) on August 9, 2017—within the afore-stated two-week time frame.

24. The test from Dr. Ambrose revealed that Mrs. Horejs passed the test with her hearing aids.

25. No one from PSP responded to this test result.

26. On January 4, 2018, Mrs. Horejs received a letter indicating that she was disqualified from the Academy due to her hearing impairment.

27. Mrs. Horejs wanted to appeal but was told that there was no formal appeal process.

28. Mrs. Horejs spoke to an HR representative and asked him if she could take the hearing test with her hearing aids, since the use thereof substantially increased her hearing ability, but she was told that she could not.

29. Instead, Mrs. Horejs was informed that she could submit another hearing test from her doctor.

30. She was again tested with and without her hearing aids, and passed the test with her hearing aids.

31. She submitted the results on or about January 12, 2018.

32. On March 9, 2018, mere months after requesting the aforementioned reasonable accommodation of wearing assistive devices during her hearing test, Mrs. Horejs received an email indicating that the Academy was not changing its decision and that the hearing threshold had to be met without use of any hearing aids or other assistive devices.

33. Mrs. Horejs filed a timely charge of discrimination with the Equal Employment Opportunity Commission ("EEOC").

34. After investigation, the EEOC entered a "reasonable cause" determination on May 1, 2019. *See* **Exhibit A.**

35. Conciliation was unsuccessful and a Right to Sue Letter was ultimately issued on November 12, 2020. *See* **Exhibit B.**

## COUNT I
### Violations of the Americans with Disabilities Act
### Disability Discrimination, Failure to Accommodate, and Retaliation

36. Paragraphs 1 through 35, above, are fully incorporated by reference.

37. Mrs. Horejs has and continues to be a qualifying individual who suffers from a qualifying disability under the ADA and the American with Disabilities Act Amendments Act ("ADAAA").

38. The aforementioned hearing disability substantially impairs major life activities, as alleged above.

39. Mrs. Horejs was initially enrolled in the Academy but was ultimately denied admittance because of her qualifying hearing disability.

40. Instead of engaging in the interactive process with Mrs. Horejs, PSP flatly denied her admittance into the Academy due to her qualifying disability.

41. Mrs. Horejs requested a reasonable accommodation, but was denied the same, even though she had demonstrated that she could satisfy the entrance requirements with said accommodation (*i.e.*, wearing hearing aids).

42. It is believed and therefore averred that PSP's request to Mrs. Horejs asking her to resign her seat in the Academy while rehabilitating her ACL injury was merely a pretext for illegal and intentional disability discrimination resulting from her hearing impairment.

43. It is further believed and therefore averred that PSP's alleged requirement that Academy candidates achieve a minimum score on a hearing test *without using hearing aids or other assistive devices* is arbitrary, capricious, and has no legitimate basis in law or fact.

44. It is further believed and therefore averred that the aforementioned requirement is discriminatory not only on its face but in its application and therefore results in disparate treatment of, and disparate impact on, Mr. Horejs and other similarly situated individuals who suffer from hearing impairment.

45. Plaintiff seeks relief herein for the denial of admittance into the Academy because such actions by Defendant were motived by Plaintiffs: (i) known or perceived health problems; (ii) record of health conditions; and/or (iii) due to Plaintiff's request for reasonable accommodations and where therefore retaliatory.

46. It is further believed and therefore averred that the unlawful actions of PSP in failing to readmit Mrs. Horejs into the Academy because of her qualifying hearing disability constitutes an intentional violation of the ADA and ADAAA.

47. As a direct result of PSP's willful and unlawful actions in violation of the ADA, Mrs. Horejs has suffered emotional pain and suffering, humiliation, embarrassment, and distress, in addition to a loss of earnings and benefits, including back pay and front pay.

48. It is believed and therefore averred that PSP's actions were taken with malice and/or reckless indifference to Mrs. Horejs' federally protected civil rights under the ADA, and she is therefore entitled to punitive damages.

WHEREFORE, the Plaintiff, Casey Horejs a/k/a Casey Green, respectfully requests that this Honorable Court enter judgment in her favor and against the Defendants, the Pennsylvania State Police, in an amount that includes:

a) Lost wages and lost fringe benefits;

b) Compensatory damages;

c) Punitive damages;

d) Ordering her reinstatement into the Academy, or in the alternative, award front pay;

e) Awarding the costs of this action, together with reasonable attorney's fees and costs;

f) Award all other relief as the Court deems equitable, just, and appropriate.

RESPECTFULLY SUBMITTED,

_____
ERIC M. PROCK, ESQUIRE
Attorney ID No. 208315
FANELLI, EVANS & PATEL, P.C.
The Necho Allen
No. 1 Mahantongo Street
Pottsville, PA 17901
570-622-2455
eprock@feplawyers.com
*Counsel for Plaintiff*

## VERIFICATION

The language of the foregoing document is that of counsel and not necessarily my own; however, I have read the foregoing document and to the extent it is based upon information I have given to counsel, it is true and correct to the best of my knowledge, information and belief; to the extent that the content of the foregoing document is that of counsel, I have relied upon counsel in making this verification.

We understand that false statements herein are made subject to the penalties of 18 Pa.C.S.A Section 4904, relating to unsworn falsification to authorities.

*Casey M Horejs*
Casey Horejs a/k/a Casey Green

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Horejs, Casey a/k/a Casey Green

**DEFENDANTS**
Pennsylvanina State Police

**(b)** County of Residence of First Listed Plaintiff: **Berks**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: **Dauphin**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Eric M. Prock, Esq., Fanelli, Evans & Patel
1 Mahantongo St., Pottsville, PA 17901. (570) 622-2455

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | ☐ 820 Copyrights | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | ☐ 840 Trademark | ☐ 460 Deportation / ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / **PERSONAL PROPERTY** / ☐ 370 Other Fraud | **LABOR** | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice / ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) / ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 510 Motions to Vacate Sentence | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations / ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | | ☐ 535 Death Penalty | **IMMIGRATION** | |
| ☐ 290 All Other Real Property | ☒ 445 Amer. w/Disabilities - Employment | **Other:** | ☐ 462 Naturalization Application | |
| | ☐ 446 Amer. w/Disabilities - Other | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | ☐ 950 Constitutionality of State Statutes |
| | ☐ 448 Education | ☐ 550 Civil Rights / ☐ 555 Prison Condition / ☐ 560 Civil Detainee - Conditions of Confinement | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 USC 1201, et seq.
Brief description of cause:
Violation of ADA & ADAAA

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $** In excess of $75,000

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [x] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE: 01/26/2021
SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____